JACKSON, Appellant,

v.

SCIOTO DOWNS, INC. et al., Appellees.

[Cite as *Jackson v. Scioto Downs, Inc.* (1992), 80 Ohio App.3d 756.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–696.

Decided Sept. 22, 1992.

*Jerry Silverstein,* for appellant.

*William L. Peters,* for appellees Scioto Downs, Inc., Lisa Miller and Robert Steele.

*Michael Miller,* Prosecuting Attorney, *Bonnie L. Maxton* and *Jeffrey L. Glasgow,* Assistant Prosecuting Attorneys, for appellees Franklin County Sheriff and John Doe deputy sheriffs.

TYACK, Judge.

On October 28, 1991, Larry Jackson filed an action in the Franklin County Court of Common Pleas against Scioto Downs, Inc., Lisa Miller, Robert Steele,

the Franklin County Sheriff's Office, and several John Doe deputy sheriffs and employees of Scioto Downs, Inc. A representative of the Franklin County Prosecuting Attorney filed an answer on behalf of the sheriff and deputy sheriffs. Private counsel filed an answer and counterclaim on behalf of Scioto Downs, Inc., Lisa Miller and Robert Steele. The counterclaim alleged that Jackson had converted property of Scioto Downs, Inc. worth $168 to his own use.

In February 1992, counsel for the sheriff and deputy sheriffs filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Counsel for Jackson filed a memorandum contra. The trial court sustained the motion in a decision which addressed the complaint only to the extent that it alleged slander as a claim for relief. The complaint alleges theories not only of slander, but also of false arrest, false imprisonment, and a theory pursuant to Section 1983, Title 42, U.S.Code. The judgment entry which journalized the decision reads:

"For the reasons given in the Decision of this Court rendered April 14, 1992, Defendant Earl O. Smith and Sheriff's Deputies John Does' Motion for Judgment on the Pleadings is sustained.

"IT IS THEREFORE ORDERED AND ADJUDGED THAT, Plaintiff's claim of slander, as alleged in Count One of the Complaint, be and hereby is dismissed as to these Defendants. There is no just cause for delay."

Larry Jackson filed a notice of appeal and has sought our review as to a single assignment of error. That assignment of error reads:

"The trial court abused its discretion in dismissing appellant's claims of slander against appellees Franklin Co. Sheriff's Department and deputy sheriffs, and further erred in holding that a slander is confined to defamatory words alone and that conduct by itself cannot give rise to slander."

The trial court apparently journalized a dismissal of only one of four theories alleged as to one set of defendants in this action. This left three other legal theories pending as to these defendants, and a slander claim pending as to the rest of the defendants. Therefore, the trial court did not dismiss the slander claim *in toto* and did not resolve all the issues as to any named defendant.

Civ.R. 54(B) was amended effective July 1, 1992 to read, in pertinent part:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

Despite the recent modification of Civ.R. 54(B), no final appealable order is present. No single claim has been fully resolved and no defendant has had all the claims against him or her resolved. The fact that the trial judge noted that "[t]here is no just cause for delay" does not make this order a final appealable order. Since no final appealable order exists, this appeal must be and hereby is ordered to be dismissed.

*Appeal dismissed.*

WHITESIDE and PETREE, JJ., concur.