CASSIM, Appellant,

v.

CASSIM, Appellee.

[Cite as *Cassim v. Cassim* (1994), 98 Ohio App.3d 576.]

Court of Appeals of Ohio,
Franklin County.

No. 94APF05–662.

Decided Nov. 17, 1994.

*Burman & Robinson* and *Randal D. Robinson,* for appellant.

*Moots, Cope & Stanton, Jon M. Cope* and *Catherine A. Cunningham,* for appellee.

WHITESIDE, Presiding Judge.

Plaintiff, Joseph Yusuf Cassim, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling his motion for temporary custody and the appointment of a guardian *ad litem* for a child born during the marriage of plaintiff to defendant, Soudabeh Cassim.

Plaintiff brought this action for separation subsequent to a paternity decision in another action in which the child, born to defendant during the marriage of the parties, was found not to be plaintiff's biological son. Plaintiff then filed the motion for temporary visitation rights and for appointment of a guardian *ad litem.* When the trial court overruled that motion, plaintiff filed this appeal and raises a single assignment of error contending that "the trial court erred in concluding that it did not have jurisdiction over Byron Cassim."

At the time of filing her merit brief herein, defendant also filed a motion to dismiss on the ground that the order of the trial court denying temporary visitation is not a final appealable order. However, R.C. 2505.02 provides that any order which in effect determines a proceeding and prevents a judgment in favor of the aggrieved party constitutes an appealable order. The gist of plaintiff's contention is that the order of the trial court has that effect with respect to visitation and will preclude visitation rights when final judgment is

entered on the merits of the trial court action. Defendant, on the other hand, contends that, even if that is the case, the order denying temporary visitation during the pendency of the action is still an interlocutory order, which is not appealable. In its decision, the trial court did state that, "[s]ince the effect of this ruling is essentially to terminate any contact between the plaintiff and the minor child, such an appeal should be undertaken forthwith and there is no just cause for delay."

The judgment entry itself, however, contains no such findings, and, instead, refers to the decision only by the statement that "[t]he objections of plaintiff are OVERRULED as per the attached decision." Nevertheless, even if Civ.R. 54(B) findings were properly included within the judgment entry, it would not affect the result since Civ.R. 54(B) findings cannot translate an interlocutory order into a final appealable order since, even with Civ.R. 54(B) findings, an order is not appealable unless it also meets the requirements of R.C. 2505.02.

We do not find that to be the case here. The denial of the motion for a temporary order under Civ.R. 75 does not preclude a different judgment upon final determination of the case. This is true for two reasons. First, an interlocutory order is subject to modification any time prior to final judgment. The issue still remains before the trial court at the time of final judgment and must be reexamined at that time to determine whether the determination previously made shall be part of the final judgment. Also, the denial of this motion is not such a distinct portion of the action as to constitute a separate claim within the contemplation of Civ.R. 54(B) so as to be made appealable immediately.

Civ.R. 75(M)(1) provides that temporary orders may be made for "children of the marriage." Here, it is undisputed that the child in question was born during the marriage of the parties and, presumptively, is the child of both. Also, the parties continued to live together for slightly less than a year after the child was born. Accordingly, under the common law, the child is a "child of the marriage" of the parties. However, recent statutes and court decisions have permitted this presumption to be rebutted in a paternity action. See *Hulett v. Hulett* (1989), 45 Ohio St.3d 288, 544 N.E.2d 257. The term "child of the marriage," as used in the rules and statutes with respect to divorce and separation, includes a child born to the wife during the marriage and, thus, presumptively the child of the husband. The question is whether such a child is a "child of the marriage" with respect to provision for visitation where a long-term father-child relationship has been established, even though there is a later determination pursuant to DNA testing which shows that the presumptive father, husband of the mother, is not the natural father of the child. That issue remains

for determination in the trial court since only a temporary order has been entered. If in the final determination the trial court again determines that issue adversely to plaintiff, plaintiff will have a remedy of appeal after final determination of the case.

Accordingly, we find the order from which this appeal is taken to be an interlocutory order, which is not appealable, and cannot be made appealable by Civ.R. 54(B) findings, even if they were appropriately included within the judgment entry, rather than only in the decision. Accordingly, we must determine that the order from which the appeal is taken is not a final appealable order within the contemplation of R.C. 2505.02.

For the foregoing reasons, this appeal is dismissed for want of a final appealable order. Costs are assessed against appellant.

*Appeal dismissed.*

BOWMAN and CLOSE, JJ., concur.