Defendant-appellant Trygye-Hoff Building Company ("appellant") appeals from the grant of summary judgment in favor of plaintiff-appellee, Alma Obenland.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED IN DISMISSING DEFENDANT' S COUNTERCLAIMS.
 III. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
On May 21, 1997, Alma Obenland filed a complaint against appellant for the return of fifteen thousand dollars ($15,000) which Obenland stated she paid appellant toward the purchase of a condominium. Obenland averred that the parties never reached an agreement or entered into a contract. Obenland further asked for interest on the deposit monies pursuant to R.C. 5311.25. Obenland also brought claims of intentional infliction of emotional distress, conversion, and fraud. Obenland asked for the refund of her deposit, interest, punitive damages, and attorney's fees.
Appellant answered and counterclaimed that Obenland entered into a written purchase agreement which she breached by refusing to complete the purchase. Appellant asserted that Obenland had been a month-to-month tenant in the unit which she contracted to purchase. Appellant claimed that Obenland greatly damaged the unit, far in excess of reasonable wear and tear. Appellant prayed for damages, costs, and attorney's fees. Appellant attached a written copy of the purchase agreement to its answer and counterclaim.
On February 2, 1998, Obenland filed her motion to dismiss and for summary judgment. In her motion for summary judgment, Obenland argued that appellant wrongfully withheld her money because the purchase of the condominium never was completed due to appellant's breach of contract. Obenland also argued she was entitled to interest on the deposit monies. Obenland further asserted that appellant wrongfully converted her funds for its own purposes by refusing to return the money upon demand. Obenland also addressed appellant's counterclaim for damages done to the property during her leasehold. There is no argument in Obenland's motion for summary judgment pertaining to her claims for intentional infliction of emotional distress or fraud. Obenland did not file a motion to amend her complaint in which the claims were deleted or for a dismissal of the claims.
Civ.R. 54 (B) provides:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
"An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of [both] R.C. 2505.02 and Civ.R. 54 (B) in order to be final and appealable." Noble v. Colwell(1989),44 Ohio St.3d 92, 96. If no final appealable order exists, then the appeal must be dismissed. See Jackson v. Scioto Downs, Inc.
(1992) 80 Ohio App.3d 756.
The trial court's grant of summary judgment did not dispose of Obenland's causes of action for intentional infliction of emotional distress and fraud. Therefore, the order is not final and appealable.
Appeal dismissed.
It is ordered that appellee recover of appellant her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and JOHN T. PATTON, J., CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B). 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E)unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).