DECISION AND JUDGEMENT ENTRY
This is an appeal from various judgments entered by the Highland County Common Pleas Court on the claims brought by Jack I. Hope, plaintiff below and appellant herein, against inter alia Russell and Leslie Thomas, defendants below and appellees herein, and on the counterclaim of Advanta Leasing Corp. (hereinafter referred to as "Advanta"), defendant below and appellee herein. The following errors are assigned for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO ESTABLISH A JUDGMENT FOR THE REVOLVING LOAN MONEY GIVEN BY APPELLANT TO APPELLEE."
A brief summary of the facts pertinent to this appeal is as follows. In 1983, appellant and a Mr. Ralph Anderson began buying various buildings in downtown Hillsboro, Ohio, including the "Parker House" restaurant and bar.[1] It was their initial intent to help revitalize the area, get the buildings on the "National Register" and "help downtown Hillsboro retain its character." When those plans failed to materialize, however, they fell back on renting out space in the buildings and operating the restaurant and bar. Several "operators" were brought in to manage these facilities but none of them were particularly successful.
Appellee, Russell Thomas, had previous experience operating restaurants and bars in Cincinnati, Ohio, and wanted to open a business in Hillsboro. Thomas met appellant in 1993 and the two (2) of them reached an agreement whereby Thomas would manage the Parker House. Thomas subsequently incorporated Hospitality Management, Inc. (hereinafter referred to as "HMI") as the vehicle by which to run the operation. On July 27, 1993, appellant, Anderson and HMI entered into a contract which called for HMI to manage the "Hillsboro facilities" in exchange for a monthly management fee and a percentage of the net profit from restaurant operations. The parties also entered into several other collateral arrangements including (1) a $45,000 capital improvement loan[2] and (2) a lease on computer and phone equipment from Advanta.[3] HMI took control of the Parker House but the operation quickly became mired in debt. Appellant terminated the management contract after less than three (3) months.
Appellant commenced the action below on December 21, 1993, alleging inter alia breach of contract, negligence, fraud, slander and conversion on the part of both HMI and Russell Thomas and seeking in excess of $250,000 in compensatory and punitive damages from both of them. HMI and Thomas responded with an answer denying liability and a counterclaim and third party complaint, against Anderson, alleging among other things breach of contract, unjust enrichment and slander. They asked for damages in excess of $800,000.[4]
The matter proceeded to a bench trial over several days in July of 1997 at which time both sides gave their own account as to the breakdown of their business relationship. The trial court filed a decision and judgment entry on December 19, 1997, essentially holding that each side "used very poor business judgment" in entering the management contract and "as a result must pay for their mistakes." The trial court essentially left the parties as they were and dismissed most of appellant's claims against HMI and Thomas, as well as the counterclaims by Thomas and HMI against appellant. However, the court did make the following finding with respect to the aforementioned capital improvement loan:
 "[T]he loan obtained by [appellant], from some fund designated as a Revolving Loan Fund, was for improvements to the building and was taken out by [appellant], and later reloaned to [HMI.]
 The Court finds that [HMI] would be liable to [appellant] for any amount of the Revolving Loan not used to improve the structure and/or the equipment or the start up expenses."[5]
The trial court did not, with respect to this finding, arrive at any specific amount of damages.[6] An immediate appeal was taken from the judgment but was later dismissed for lack of a final order due to an unresolved counterclaim and the absence of Civ.R. 54(B) language. See Hope v. Hospitality Management. Inc.
(Nov. 25, 1998), Highland App. No. 98CA22, unreported. The matter was returned to the trial court and on April 5, 1999, the trial court issued a second judgment and ordered the release of a mechanic's lien on the Parker House and "finding no just cause for delay . . ." This appeal followed.
Before turning to the merits of the errors assigned for our review, we must first address a threshold jurisdictional problem. Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C.2501.02. A final order is one which inter alia effects a "substantial right" and determines the action. R.C.2505.02(B)(1). If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207,210, 621 N.E.2d 1360, 1362 at fn. 2; Kouns v.Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702.
The trial court's December 19, 1997 judgment finds that HMI would be liable to appellant for any part of the capital improvement loan that was "not used to improve the structure and/or the equipment or start up expense. However, the court never specifies the amount of the loan to which that finding applies. This is tantamount to determining liability without awarding damages and does not constitute a final appealable order. See State ex rel. White v. Cuyahoga Metro. Hous. Auth.
(1997), 79 Ohio St.3d 543, 546, 684 N.E.2d 72, 72; also see GTENorth, Inc. v. Carr (1993), 84 Ohio App.3d 776, 778,618 N.E.2d 249, 250 at fn. 1; Thompson v. Sydnor (May 11, 1999), Scioto App. No. 98CA2578, unreported. Moreover, the trial court's finding of no just cause for delay" in its April 5, 1999 judgment does not cure the problem.
Damages are part of a claim for relief, rather than a separate claim in and of itself, and a determination of liability without a determination of damages does not constitute a final appealable order even with the addition of Civ.R. 54(B) language. SeeHitchings v. Weese (1997), 77 Ohio St.3d 390, 391, 674 N.E.2d 688
(Resnick J., Concurring); also see Horner v. Toldedo Hosp.
(1993), 94 Ohio App.3d 282, 290. A finding of "no just reason for delay" pursuant to Civ.R. 54(B) does not make appealable an otherwise nonappealable order. McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, 652 N.E.2d 236, 249; Cassim v. Cassim
(1994), 98 Ohio App.3d 576, 579, 649 N.E.2d 28; Palmer v.Westmeyer (1988), 48 Ohio App.3d 296, 302, 549 N.E.2d 1202, 1209. Thus, until such time as the trial court determines the amount of the capital improvement loan for which HMI is liable to appellant, this Court is without jurisdiction to consider the appeal. Accordingly, based upon the foregoing reasons the instant appeal is hereby dismissed.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: _______________________ PETER B. ABELE, JUDGE.
[1] The nature of the business relationship between appellant and Mr. Anderson is not entirely clear to us but the record suggests that it was conducted as a partnership/joint venture with appellant operating as the principal business partner and Mr. Anderson serving as a more silent partner. The record also indicates that appellant purchased only the equipment and personal property located inside the buildings whereas Mr. Anderson purchased the actual buildings themselves. Appellant then ran the businesses on behalf of Mr. Anderson and himself.
[2] The $45,000 loan was structured as a loan from the City of Hillsboro Revolving Loan Fund to Anderson who in turn bought from appellant the restaurant equipment located in the Parker House. Appellant then loaned the money to HMI which agreed to repayment of the funds.
[3] Appellant signed the lease with Advanta for the phone and computer equipment rather than HMI.
[4] Anderson was later dismissed as a party to these proceedings.
[5] Appellant testified below that, in reviewing financial records from the Parker House, it appeared that roughly $20,000 of the $45,000 capital improvement loan was transferred into Thomas's personal account.
[6] The trial court also entered judgment in favor of Advanta in the amount of $8,442.54 (for the phone and computer lease) against appellant.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.