DECISION AND JUDGMENT ENTRY
In the case sub judice, a boundary dispute between the parties escalated into an action for damages, after Defendant-Appellant Mona Sue Arnold blocked access to the disputed property and participated to some degree in the destruction of a septic system. The trial court bifurcated the action: it set the boundary dispute for trial to the court, and the damages claim for trial by jury. However, Appellant Arnold thereafter waived the jury trial; thus, the issue of damages was tried separately to the court. The lower court resolved the location of the disputed property line in favor of Plaintiffs-Appellees Vicky Nichols and Homer Wilson and awarded them a $16,177.10 judgment for damages, fees and costs.
Appellant Arnold now appeals the decision of the trial court. We dismiss the action for lack of a final appealable order.
 Statement of the Case
The record reveals the following facts relevant to the instant appeal. Appellant Arnold and Appellees Nichols and Wilson own adjoining tracts of land along Belpre Township Road 212 (Road 212) in Belpre Township, Washington County, Ohio. Road 212 begins at State Route 618 and continues west toward the edge of the Ohio River Valley floodplain.
Appellant Arnold's property (the Arnold property) and Appellee Wilson's property (the Wilson property) both border the northern edge of Road 212 and continue north up a hill. A concrete driveway is located on the southwest corner of the Wilson property to provide access to Road 212. Although the concrete driveway is located totally on the Wilson property, it connects to a gravel entrance leading to a house on the Arnold property. Accordingly, the use of the driveway is shared by both Appellee Wilson and Appellant Arnold.
The Wilson property lies to the east of the Arnold property. It consists of two tracts of land that combine to encompass approximately fourteen acres. A brief history of the ownership of the Wilson property is of relevance to the instant appeal.
In 1961, C.C. and Elva Wilson purchased this land as a single unit, eventually dividing it into two tracts: one tract comprised of approximately one-third of an acre (the smaller tract), the other consisting of the balance of the property (the larger tract).
In 1973, the Wilsons sold the smaller tract to Larry and Grace Marshall. The Marshalls subsequently installed two mobile homes and a septic system on this property. During this period, Appellant Arnold kept a chain across the gravel entrance to her house that was connected to the concrete driveway from Road 212. The Marshalls gained access to their property by exiting Road 212, traversing the concrete driveway, and then briefly cutting across the Wilson land. The Wilsons did not object to this arrangement.
In 1976, the Wilsons sold the larger tract to their son, Appellee Wilson. In 1997, Appellee Wilson purchased the smaller tract from an heir of Grace Marshall. He, in turn, transferred this property to his daughter, Vicky Nichols, and conveyed it to her as a gift (the Nichols tract).
The Nichols tract is in the shape of a trapezoid. It is land-locked and surrounded on three sides by the larger tract of the Wilson property. The remaining side, the long side of the trapezoid, forms part of the eastern boundary line of the Arnold property. The dispute in the instant matter surrounds the precise location of this boundary line.
Appellant Arnold insisted that the borderline separating the Nichols property from the Arnold property ran northwest and southeast.
Appellant Arnold believed that the entire driveway, the septic system, and one of the mobile homes installed by the Marshalls were all encroaching on her property.
In September 1997, shortly after he purchased the Marshall land for his daughter, Appellee Wilson began to clear brush from the Nichols property. Relying on her characterization of the property line, Appellant Arnold insisted that Appellee Wilson was trespassing on her property. Outraged, Appellant Arnold moved her chain from merely restricting access to the gravel entrance to her home, to completely closing off the entire paved portion of the driveway; thus, barring Appellee Wilson's access to the Nichols property.
Appellee Wilson attempted to avert further conflict with his neighbor by offering to pay one-half the cost of a survey to determine the precise location of the property line. His effort was to no avail. Shortly thereafter, Appellant Arnold rented a backhoe, and her live-in boyfriend, David J. Spaulding, used it to destroy the septic system located on the Nichols property.
On January 30, 1998, Appellees sued Appellant Arnold and Defendant David J. Spaulding in the Washington County Court of Common Pleas. They sought damages for the destruction of the septic tank and loss of access to their property. Appellees requested that the trial court determine the boundary line between their real estate and the property owned by Appellant Arnold. Further, Appellees sought an order restraining Appellant Arnold from interfering with their access to their property in the future, the costs of bringing the action, attorney fees, and punitive damages.
On March 10, 1998, Appellant Arnold filed an answer that included a demand for a jury trial and a counterclaim for damages exceeding $25,000. Her counterclaim presented three separate claims for relief: (1) that Appellees' action is a disguised attempt to get her to pay for a survey that is of mutual benefit; (2) that Appellee Nichols' action is a disguised attempt to get Appellant Arnold to pay to upgrade an allegedly defective septic system; and (3) a claim of nuisance, based on the alleged defective septic system.
At the request of the Appellees, the trial court bifurcated the action: it set the boundary dispute for trial to the court, and the damages issue for trial by jury. However, Appellant Arnold thereafter waived the jury trial; thus, the issue of damages was tried separately to the court. The lower court resolved the location of the disputed property line in favor of Appellees, and granted Appellees a judgment for $16,177.10 in damages, fees and costs. The court did not address Appellant Arnold's counterclaim.
Appellant Arnold filed a timely notice of appeal of the lower court's decision.
The fact that the trial court failed to address the counterclaim raised by Appellant Arnold is dispositive of the instant appeal: there was no final appealable order issued by the lower court. To arrive at this conclusion, it was necessary to examine two provisions: R.C. 2505.02 and Civ.R. 54(B). See, e.g., Noble v. Colwell (1989), 44 Ohio St.3d 92,540 N.E.2d 1381 (stating that when a trial court renders a judgment resolving one or more claims, but leaving another claim unresolved, the order must comply with both Civ.R. 54(B) and R.C. 2505.02 before it is a final appealable order). We will discuss each provision seriatim.
We first address R.C. 2505.02. It is axiomatic that Ohio appellate courts have subject matter jurisdiction to review the final orders of lower courts within their districts. See Section 3(B)(2), Article IV, Ohio Constitution; accord R.C. 2501.02; Prod. Credit Assn. v. Hedges
(1993), 87 Ohio App.3d 207, 621 N.E.2d 1360; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 617 N.E.2d 701. R.C. 2505.02(B)(1) defines a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C.2505.02(B)(1). Under R.C. 2505.02, a final order "may be reviewed, affirmed, modified, or reversed, with or without retrial." R.C. 2505.02. Thus, it follows that any order which is not a final order is not
appealable, since R.C. 2505.03 restricts appellate jurisdiction to the review of final orders, judgments, or decrees. See R.C. 2505.02(B); see, generally, Sawyer v. Lebanon Citizens Nat'l Bank (1995),105 Ohio App.3d 464, 644 N.E.2d 571, appeal dismissed Sawyer v. LebanonCitizens Natl. Bank (1995), 74 Ohio St.3d 1476, 657 N.E.2d 783; accordRenner's Welding Fabrication v. Chrysler Motor Corp. (1996),117 Ohio App.3d 61, 689 N.E.2d 1015. Even if neither party raises the issue, this Court must address, sua sponte, whether there is a final appealable order ripe for review.
In the case sub judice, the trial court had before it the claims presented by the Appellees and the counterclaim presented by Appellant Arnold. The lower court resolved the claims presented by Appellees. However, the decision and judgment entry of the trial court, issued March 17, 1998, did not specifically address the counterclaim raised by Appellant Arnold.
Nevertheless, Appellees argue that the entry is a final appealable order because the sum and substance of Appellant Arnold's counterclaim revolved around the mistaken belief that she owned the land in question. Appellees contend that because the court held the boundary line placed the driveway and septic system on the Wilson property and the Nichols property, that Appellant Arnold had lost any colorable claim for relief under her counterclaim. Therefore, they maintain it was not necessary for the lower court to specifically address her counterclaim in its journal entry for it to be a final appealable order.
We emphatically disagree. Although the counterclaim may not be artfully drawn, it clearly raised the issue of nuisance. Appellant Arnold claimed the inadequate septic system on the Nichols property had caused raw sewage to flow on her land in the past. Further, she contended the system could no longer handle the sewage from even one mobile home. Plainly, these arguments constitute an allegation that the septic system was a nuisance. Consequently, it reasonably follows that she is justifying her actions of blocking access to the land and grading the area of the septic tank; that is, she is arguing an abatement of this nuisance.
We find that the lower court's determination of the location of Appellant Arnold's eastern property line did not resolve Appellant Arnold's counterclaim. Appellant Arnold's counterclaim remains pending in this action and was not rendered moot because it was not fully resolved by the lower court's judgment entry. It is not our role to determine whether or not that claim retained any merit after the adverse decision to Appellant Arnold regarding the location of the property line. Therefore, we conclude that this decision and judgment entry is not a final appealable order.
We next turn to Civ.R. 54(B). This provision provides, in pertinent part, that "when more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B). However, it should be noted that the mere addition to the judgment entry of the words "no such reason for delay," does not, ipso facto, transform the order into a final appealable order. See R H Trucking, Inc. v. Occidental Fire Cas. Co.
(1981), 2 Ohio App.3d 269, 441 N.E.2d 816; accord Fireman's Funds Ins.Cos. v. BPS Co.(1982), 4 Ohio App.3d 3, 446 N.E.2d 181; Jackson v. SciotoDowns, Inc. (1992), 80 Ohio App.3d 756, 610 N.E.2d 613. Rather, the order must not only contain the Civ.R. 54(B) finding, but must also meet the R.C. 2505.02 test for a final appealable order, as discussed supra. SeeCassim v. Cassim (1994), 98 Ohio App.3d 576, 649 N.E.2d 28.
The judgment entry of the lower court does not contain the Civ.R. 54(B) finding. Further, as discussed supra, it fails to meet the test for a final appealable order under R.C. 2505.02.
Therefore, this Court lacks jurisdiction to rule on the assignments of error presented by Appellant Arnold. We dismiss the instant appeal for want of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that the Appellees recover of the Appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment Only.
Harsha, J.: Dissents.
 __________________________________ Judge David T. Evans