DECISION AND JUDGMENT ENTRY
{¶ 1} Anthony Pryor appeals the trial court's denial of his motion seeking visitation with his minor son. However, his motion contained an alternative request for the right to contact his son in writing. Because the trial court did not address Pryor's alternative request, we conclude that the denial of visitation is not a final appealable order. Accordingly, we lack jurisdiction and must dismiss the appeal.
 {¶ 2} The parties contend that in September of 2002, the Juvenile Division of the Fairfield County Common Pleas Court found that Pryor's four-year-old child, C.P., was a dependent minor. Unfortunately, the proceedings or orders of that court are not part of our record. The parties also agree that at the dispositional hearing, the court ordered Katha Harper, the maternal grandmother, to continue as legal custodian subject to court ordered protective supervision. Because Pryor is serving three life sentences for sexual offenses involving two of his step-children, the court apparently ordered Pryor not to have any contact with C.P. The court then transferred the case to Hocking County, where Katha Harper resides.
 {¶ 3} Ultimately, Pryor filed a motion in the Hocking County Juvenile Court seeking supervised visitation at the prison, or alternatively to have written contact with C.P. After a hearing, the court denied visitation, but did not rule on Pryor's request for written communication with the child.
 {¶ 4} Pryor asserts the following assignments of error on appeal:
I. The Appellant received ineffective assistance of Counsel and therefore was denied his Constitutional rights of due process.
II. The Trial Court erred and abused its discretion in denying the Appellant's Motion For Visitation and such denial is against the manifest weight of the evidence.
 {¶ 5} Before reaching the merits of this case, we must first determine whether the trial court has issued a final appealable order. It is well established that an order must be final before it can be reviewed by an appellate court. See, Section 3(B)(2), Article IV, Ohio Constitution; General Acc. Ins. Co. v.Insurance Co. of N. Am. (1989), 44 Ohio St.3d 17, 20,540 N.E.2d 266. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. Whitaker Merrell v. Geupel Constr. Co. (1972),29 Ohio St.2d 184, 186.
 {¶ 6} To determine whether an order is final and appealable, an appellate court's review often involves a multi-step process.Wisintainer v. Elcen Power Strut Co., 67 Ohio St.3d 352, 354,617 N.E.2d 1136, 1993-Ohio-120. First, a reviewing court must focus its attention on whether the appealed order is "final" as established by R.C. 2505.02: that is, whether the order affects a substantial right and in effect determines the action and prevents a judgment, or, as is the case here, an order that affects a substantial right made in a special proceeding.Wisintainer at 354, 617 N.E.2d 1136. Proceedings in the juvenile division are special statutory proceedings, see Stateex rel. Fowler v. Smith (1994), 68 Ohio St.3d 357, 360 and parental rights, including visitation and communication certainly qualify as substantial rights. The court denied the request for supervised visitation. However, the trial court's failure to address the alternative motion results in an order that is not final. There is but one "claim" or remedy being sought here, i.e., the exercise of parental rights. Seeking alternative means of expressing that right does not create multiple claims. When a court does not resolve the entire claim, regardless of whether it includes Civ.R. 54(B) language, the matter is not ripe for appellate review. See Jackson v. Scioto Downs, Inc. (1992),80 Ohio App.3d 756, 758. This principle applies even if the matter involves a special proceeding.
 {¶ 7} Here, the trial court denied visitation, but did not rule on Pryor's request in the alternative to have written contact with his child. Because the trial court failed to address all the issues presented in Pryor's motion to exercise parental rights, there is no final order. Accordingly, we dismiss the appeal. After the trial court rules on Pryor's request to have written contact with his child, Pryor may proceed accordingly.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Kline, J.: Concur in Judgment and Opinion.