[Cite as *In re A.W.*, 2013-Ohio-4096.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| A.W. AND G.W., | | |
| ALLEGED DEPENDENT CHILDREN | : | **CASE NO. 2012-G-3122** |

Civil Appeal from the Geauga County Court of Common Pleas, Juvenile Division.
Case No. 12JF000366.

Judgment: Appeal dismissed.

*Jeffrey A. Crossman*, 5546 Pearl Road, Parma, OH 44129 (For Appellants Lawrence and Kathleen Bettlejewski).

*Jeffrey S. Brown*, 124 Middle Avenue, Suite M-A, Elyria, OH 44035 (For Appellee Eric Hunt).

*Paul J. Mooney*, Law Office of Paul J. Mooney, 3401 Enterprise Parkway, Suite 340, Beachwood, OH 44122 (For Appellee Michelle Weikart).

*James R. Flaiz*, Geauga County Prosecutor, and *Craig A. Swenson*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Appellee Geauga County Job and Family Services).

*Kathy Brigg*, CASA, 470 Center Street, Building 6-C, Chardon, OH 44024 (Guardian ad litem).

TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Lawrence and Kathleen Bettlejewski, paternal grandparents of A.W. and G.W., appeal the decision of the Geauga County Court of Common Pleas, Juvenile Division, granting certain temporary visitation rights of G.W. to non-relative Mr.

Eric Hunt, the biological father of A.W., but not of G.W. Appellants also purport to appeal from the trial court's judgment entry which advises, sua sponte, that appellants are not parties and failed to file a motion to intervene. As set forth below, the appeal must be dismissed for lack of jurisdiction.

{¶2} This case was initiated on August 9, 2012, when Geauga County Job and Family Services ("GCJFS") filed a complaint alleging A.W., age 8, and G.W., age 6, to be dependent children. The complaint noted that on June 29, 2012, the agency entered into a safety plan with the children's mother wherein she agreed that A.W. and G.W. would reside with appellants while the social worker could investigate the case further. The complaint also noted Mr. Hunt was A.W.'s biological father. On September 18, 2012, the trial court found A.W. and G.W. to be dependent, pursuant to R.C. 2151.04(C).

{¶3} Appellants and Mr. Hunt both filed respective motions for custody. The trial court, in a November 21, 2012 order, granted Mr. Hunt temporary visitation rights of both A.W. and G.W. for the months of November and December. This order is now the subject of the instant appeal.

{¶4} On December 6, 2012, appellants appealed the visitation order. Appellants assert two assignments of error in their merit brief. Appellants' first assignment of error states:

{¶5} "The trial court erred in stating that appellants were not parties to the case given that the trial court awarded appellants temporary custody."

{¶6} Appellate courts are required to raise jurisdictional questions sua sponte. In the absence of a timely appeal from a final, appealable order, an appellate court does

2

not have jurisdiction to review the issue. *See* App.R. 4(A); *see also Barnes v. Andover Village Retirement Community, Ltd.*, 11th Dist. Ashtabula No. 2003-A-0122, 2004-Ohio-1705, ¶10, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988) ("[t]he time requirement is jurisdictional in nature, and may not be enlarged by an appellate court"). Thus, though not raised in any brief, we must first determine whether this court has jurisdiction to consider the first assignment of error.

{¶7} The trial court explained in a December 7, 2012 entry—one day after the notice of appeal was filed—that appellants did not have standing to file motions or an appeal because they were neither parties to the case nor did they file a motion to intervene. As this entry has not been appealed, we do not have jurisdiction to consider any associated arguments or its effect on the parties or proceedings, if any. *See* App.R. 3; App.R. 4. Further, this entry is moot because the trial court essentially acknowledged, via a December 10, 2012 judgment entry, the propriety of adding appellants as parties by granting the motion to consider them as parties and/or intervene in the case. *See* Juv.R. 2(Y).

{¶8} Appellants' first assignment of error is dismissed.

{¶9} Appellants' second assignment of error states:

{¶10} "The visitation order is in error since it permits visitation between Eric Hunt and G.W. who are unrelated over the objection of the legal custodians."

{¶11} This case presents the issue of Mr. Hunt's temporary visitation rights for the minor child G.W. during the pendency of an ongoing custody matter following an adjudication of dependency. Under their assignment of error, appellants argue the trial

court erred in granting Mr. Hunt temporary visitation rights for G.W. because he is a non-parent and a non-relative.

{¶12} This court has before it for review an order which states that Mr. Hunt shall have temporary visitation on select dates through December 2012. The order then set a hearing on the issue for a later date. Thus, the interim order was interlocutory and subject to modification at any time. Indeed, the visitation dates have passed—as have subsequent temporary visitation orders, including a January 9, 2013, post-appeal entry determining new visitation dates. A review of an updated docket also indicates modification motions to visitation schedules. Accordingly, the entry does not constitute a final, appealable order.

{¶13} The Eighth Appellate District, in *Varney v. Varney*, was faced with an entry that granted interim visitation rights "'until further order of the court,'" which was reviewable at an upcoming scheduled hearing, as in the case sub judice. 8th Dist. Cuyahoga Nos. 70709 & 70710, 1997 Ohio App. LEXIS 4705, *5 (Oct. 23, 1997). The Eighth District concluded that, as a new hearing was set and the order was subject to modification, the entry was not final or appealable. *Id.* In so doing, the court relied upon *Cassim v. Cassim*, 98 Ohio App.3d 576 (10th Dist.1994) where the Tenth District also dismissed an appeal from an order denying a motion for temporary visitation, stressing that the denial of such a motion "does not preclude a different judgment upon final determination of the case." *Id.* at 578.

{¶14} Because of the ongoing nature of the dispute, we believe it is appropriate to briefly address whether the trial court had authority to grant temporary visitation to Mr. Hunt.

4

{¶15} R.C. 3109.051 sets forth orders granting companionship or visitation rights in certain cases. In *Parr v. Winder*, 11th Dist. Ashtabula No. 92-A-1759, 1993 Ohio App. LEXIS 3358 (Jun. 30, 1993), we reviewed the trial court's determination that it did not have jurisdiction to determine visitation under R.C. 3109.051 for appellant, a non-parent, in a custody proceeding. *Id.* at \*2. This court agreed the trial court did not have jurisdiction, noting that R.C. 3109.051, which allows a non-parent to move for visitation rights in a proceeding for divorce, dissolution, legal separation, annulment or child support, does not include a custody proceeding. *Id.* at \*4-5. Similarly, the Tenth District in *Rowell v. Smith*, 10th Dist. Franklin Nos. 10AP-675 and 10AP-708, 2011-Ohio-2809, held that the juvenile court exceeded its authority when it granted the former same-sex partner visitation because the Ohio General Assembly, under R.C. 3109.051, had not conferred upon juvenile courts the authority to order visitation to a non-relative. *Id.* at ¶23. The court noted: "nowhere does a statute confer upon a juvenile court the authority to grant visitation to a non-relative in the absence of one of these precipitating events [divorce, dissolution of marriage, legal separation, annulment, or child support proceeding]." *Id.* at ¶21. As a result, the temporary visitation order underlying the contempt order was invalid, and the contempt order could not stand.

{¶16} Recently, however, the Ohio Supreme Court reversed *Rowell*, holding that a juvenile court may issue temporary visitation orders that are in the best interest of the minor child during the litigation of a custody matter. *Rowell v. Smith*, 133 Ohio St.3d 288, 2012-Ohio-4313. In so doing, the Ohio Supreme Court concluded:

> Here, the juvenile court had subject-matter jurisdiction over the case under R.C. 2151.23, it afforded Smith the opportunity to be heard on the issue of visitation, and it had discretion under Juv.R. 13(B) to issue a temporary visitation order, so long as it was in the

5

child's best interest. Within these parameters, we find that the court had authority to grant the temporary order and that the temporary order did not violate Smith's fundamental rights.

Smith argues that if we reverse the judgment of the appellate court, we are interpreting the law as giving juvenile courts summary power and unfettered discretion to grant visitation to a nonrelative. We disagree. The court's actions must be in the child's best interest. Moreover, Smith's interpretation of the law is illogical. Under her interpretation, the General Assembly granted authority for juvenile courts to determine the custody of a child but cannot determine whether a party to the custody action can visit with the child while the action is pending. *Id.* at ¶22-23.

{¶17} Thus, a juvenile court, in considering a grant of temporary custody to a non-relative, must be guided by the familiar "best interest of the child" inquiry. Given this holding, we reject appellants' contention that the trial court was unable to exercise authority over the matter.

{¶18} Appellants' second assignment of error is dismissed.

{¶19} Appeal dismissed for lack of a final, appealable order.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.