[Cite as *Shrock Prefab, L.L.C. v. Steelrite Systems USA, Inc.*, 2015-Ohio-4722.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| SHROCK PREFAB, LLC | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 15 CA 004 |
| STEELRITE SYSTEMS USA, INC. aka<br>STEELRITE | |
| | O P I N I O N |
| Defendant-Appellant | |



| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No.  14 CV 072 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | November 12, 2015 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| STEVEN J. SHROCK | GREGORY H.MELICK |
| LUCAS K. PALMER | JACQUELINE M. WIRTZ |
| CRITCHFIELD LAW FIRM | LUPER NEIDENTHAL & LOGAN |
| 138 East Jackson Street | 50 West Broad Street, Suite 1200 |
| Millersburg, Ohio  44654 | Columbus, Ohio  43215-3374 |

*Wise, J.*

{¶1}   Appellant Steelrite Systems USA, Inc. aka Steelrite appeals the February 23, 2015, decision of the Holmes County Common Pleas Court granting Appellee Shrock Prefab, LLC's Motion for Summary Judgment.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   For purposes of this Opinion, the relevant facts and procedural history are as follows:

{¶3}   On September 3, 2014, Appellee Shrock Prefab, LLC filed a Complaint in the Holmes County Court of Common Pleas seeking payment in excess of $1,000,000 for goods and services it alleges it provided to Appellant Steelrite Systems USA, Inc. aka Steelrite under a written credit agreement.  Shrock avers that pursuant to the terms of the credit agreement executed by Steelrite, Shrock agreed to provide certain goods and services upon credit, in exchange for payment by Steelrite (the "Contract"). Appellee alleges that Appellant promised to pay all invoices within 45 days unless otherwise stated on each invoice, to pay interest of 2% per month and any past-due invoices, and to pay attorney fees and costs relating to the collection of any past-due invoices. (Complaint at 9). Appellee states that pursuant to said credit application, it provided goods and services to two Steelrite entities, for which, Appellee argues, Appellant has failed to pay. Appellee alleges that Appellant breached the contract and as a result, Appellee is owed $821,074.00 plus interest at the contractual rate of 24% per annum on each respective invoice balance from the date due on each invoice, plus attorney fees and court costs. (Complaint, 11, 13-14).

{¶4}   On October 9, 2014, Steelrite filed its answer.

{¶5} On December 9, 2014, Appellee Shrock filed a Motion for Summary Judgment. The Motion for Summary Judgment was originally scheduled for a non-oral hearing on January 5, 2015, at 4:00 p.m.

{¶6} On January 2, 2015, Appellant Steelrite filed a Limited Opposition to Appellee's Motion for Summary Judgment. Therein and through the affidavit of Stephen Colussi, affiant testified that Appellant Steelrite Systems USA, Inc. did not contract with Appellee on April 25, 2012, and that, instead, Appellee entered into a contract with two different entities, Steelrite Construction, USA Inc., and Steelrite Systems, Inc. (a Canadian corporation in receivership). Appellant therein further testified that none of the invoices attached to Appellee's Complaint as Exhibit C show the purchaser as being Appellant Steelrite Systems USA, Inc. but, instead, show the purchasers as being Steelrite Construction USA, Inc. and Steelrite Systems, Inc.

{¶7} On January 22, 2015, Appellant Steelrite filed a Motion for Leave to File Supplemental Affidavit, along with Appellant's Notice of Filing of the Supplemental Affidavit.

{¶8} On January 26, 2015, the trial court scheduled the Motion for Leave to File Supplemental Affidavit for oral argument, along with oral argument on the Motion for Summary Judgment, for January 29, 2015.

{¶9} On January 29, 2015, the trial court heard oral argument in the morning, and Appellee was granted fourteen (14) days leave to file a memorandum in opposition to Appellant's Motion for Leave to File Supplemental Affidavit by the trial court's Journal Entry docketed later that day.

{¶10} On February 12, 2015, Appellee Shrock filed a Memorandum Contra Appellant's Motion for Leave to File Affidavit.

{¶11} On February 23, 2015, the trial court filed two contemporaneous, simultaneous Decisions and Entries: (1) denying Appellant's Motion for Leave to File Supplemental Affidavit, and (2) granting Appellee's Motion for Summary Judgment.

{¶12} On March 17, 2015, Appellant Steelrite filed a Motion for Reconsideration, arguing that the trial court ruled on the Motion for Summary Judgment prematurely, failing to afford Appellant the time for a full and fair response, and failing to afford Appellant any response to the allegation that its affiant had defrauded the court in bad faith.

{¶13} On March 17, 2015, Appellee Shrock filed its Memo Contra Appellant's Motion for Reconsideration, alternatively arguing that Appellant was afforded a fair opportunity to fully oppose Appellee's Motion for Summary Judgment.

{¶14} On March 19, 2015, the trial court denied Appellant's Motion for Reconsideration.

{¶1} Appellant Steelrite now appeals, assigning the following error for review:

ASSIGNMENTS OF ERROR

{¶2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE APPELLEE AS A GENUINE ISSUE OF MATERIAL FACT EXISTED.

{¶3} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN VIOLATION OF CIV.R. 56 AS APPELLEE INTRODUCED NEW EVIDENCE IN ITS MEMO CONTRA APPELLANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AFFIDAVIT.

**{¶4}** "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AS IT IMPERMISSIBLY WEIGHED THE CREDIBILITY OF THE AFFIANT IN APPELLANT'S SUPPLEMENTAL AFFIDAVIT AGAINST THE NEWLY INTRODUCED EVIDENCE SUBMITTED BY APPELLEE."

"Summary Judgment Standard"

**{¶5}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

> "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

**{¶6}** Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the

non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶7} It is based upon this standard that we review Appellant's Assignments of Error.

I., II., III.

{¶8} Before we reach the merits of Appellants' assignments of error, we must initially address the threshold issue of whether the judgment entry appealed is a final, appealable order. Appellate courts have no "jurisdiction to review an order that is not final and appealable." *Oakley v. Citizens Bank of Logan,* 4th Dist. No. 04CA25, 2004–Ohio–6824, ¶ 6; citing Section 3(B)(2), Article IV of the Ohio Constitution; *General Acc. Ins. Co. v. Ins. Co. of N. America,* 44 Ohio St.3d 17, 540 N.E.2d 266 (1989); *Noble v. Colwell,* 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989). Further, "[a] trial court's finding that its judgment is a final appealable order is not binding upon this court." *In re Nichols,* 4th Dist. No. 03CA41, 2004–Ohio–2026, ¶ 6; citing *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.,* 87 Ohio App.3d 840, 843, 623 N.E.2d 232, fn. 4 (1993); citing *Pickens v. Pickens,* 4th Dist. No. 459, 1992 WL 209498 (Aug. 27, 1992). This court has "no choice but to sua sponte dismiss an appeal that is not from a final appealable order." *Id.* at ¶ 6, citing *Whitaker–Merrell Co. v. Geupel Constr. Co.,* 29 Ohio St.2d 184, 280 N.E.2d 922 (1972).

{¶9} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or "[a]n order that affects a substantial right made in a special proceeding[.]" R.C. §2505.02(B). "A

final order * * * is one disposing of the whole case or some separate and distinct branch thereof." *Lantsberry v. Tilley Lamp Co.,* 27 Ohio St.2d 303, 306, 272 N.E.2d 127 (1971).

{¶10} An order adjudicating "one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ. R. 54(B) in order to be final and appealable." *Noble* at syllabus. However, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. *See Jackson v. Scioto Downs, Inc.,* 80 Ohio App.3d 756, 758, 610 N.E.2d 613 (1992). Further, a judgment contemplating further action by the court is not a final appealable order. *Nationwide Assur. Inc., v. Thompson,* 4th Dist. No. 04CA2960, 2005–Ohio–2339, ¶ 8; citing *Bell v. Horton,* 142 Ohio App.3d 694, 696, 756 N.E.2d 1241 (2001).

{¶11} The Supreme Court of Ohio has held that " '[w]hen attorney fees are requested in the original pleadings, an order that does not dispose of the attorney-fee claim * * * is not a final, appealable order.' " *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Industries, L.L.C.,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 187, paragraph two of the syllabus.

{¶12} "A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves." *Horner v. Toledo Hospital,* 94 Ohio App.3d 282, 640 N.E.2d 857 (1993).

{¶13} Where a prayer for relief requests a particular type of damages and the court fails to specifically adjudicate that aspect of the damages requested, no final appealable order exists. *See Britton v. Gibbs Assoc.,* 4th Dist. No. 06CA34, 2008–

Ohio–210, ¶ 12; *In re Sites,* 4th Dist. No. 05CA39, 2006–Ohio–3787, ¶ 16; *see, also,* *Miller v. First International Fidelity & Trust Building, Ltd.,* 165 Ohio App.3d 281, 2006–Ohio–187, 846 N.E.2d 87, ¶ 36.

**{¶14}** Here, Appellee's Complaint requested attorney fees as part of their claim for damages under their breach of contract claim.

**{¶15}** The trial court's entry dated February 23, 2015, stated as follows:

**{¶16}** "In the instant case, the trial court granted summary judgment in favor of Plaintiff-Appellee Shrock Prefab, LLC and against Defendant-Appellant Steelrite Systems, in the "amount of $821,074.00 plus interest at the contractual rate of 24% per annum on each respective invoice balance from the due date on each respective invoice, plus attorneys' fees and court costs." The Judgment Entry does not contain any Civ.R. 54(B) language.

**{¶17}** As set forth above, when a trial court does not resolve an entire claim, regardless of whether the order meets the requirements of Civ.R. 54(B), the order is not final and appealable. *See Jackson v. Scioto Downs, Inc., supra*, at 758, 610 N.E.2d 613.

**{¶18}** As the trial court's order specifically raised, but failed to determine the issue of attorney fees which were requested in Appellants' initial complaint, the

judgment clearly contemplated further action by the trial court and therefore is not a final appealable order.

{¶19} For the foregoing reasons, we dismiss this appeal from the Court of Common Pleas of Holmes County, Ohio, for lack of jurisdiction to consider same.


By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.



JWW/d 1027