[Cite as *Javidan-Nejad v. Navadeh*, 2011-Ohio-2283.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95406**

## SALVIA JAVIDAN-NEJAD

PLAINTIFF-APPELLANT

vs.

## ALIREZA NAVADEH

DEFENDANT-APPELLEE

**JUDGMENT:**
**REVERSED IN PART, DISMISSED IN PART,**
**REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-279478

**BEFORE:** Rocco, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    May 12, 2011

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Gregory J. Moore
Stafford & Stafford Co., L.P.A.
The Stafford Building
2105 Ontario Street
Cleveland, Ohio 44115

**ATTORNEYS FOR APPELLEE**

Paul A. Bayer
27600 Chagrin Blvd.
Suite 460
Cleveland, Ohio 44122

Joyce E. Barrett
James P. Reddy, Jr.
800 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

James S. Cahn
James L. Lane
Hermann, Cahn & Schneider
1301 East Ninth Street
Suite 500
Cleveland, Ohio 44114-1876

KENNETH A. ROCCO, J.:

{¶ 1} In this divorce action, defendant-appellant Alireza Navadeh appeals from the two trial court orders that: 1) granted a motion filed by his ex-wife, plaintiff-appellee Salvia Javidan-Nejad, to declare Ohio an inconvenient forum, thus ceding jurisdiction to a California court for further proceedings; and 2) granted in part and denied in part various objections to the magistrate's recommendations regarding outstanding spousal and child support motions.

{¶ 2} Appellant presents seven assignments of error. In his first three, he argues the trial court improperly decided to relinquish jurisdiction in favor of the California court, because the decision is unsupported and because the trial court failed to conduct an evidentiary hearing on the matter. Appellant challenges the trial court's decision concerning spousal support in his fourth and fifth assignments of error. Appellant's sixth and seventh assignments of error present a challenge to the trial court's decision to set aside the magistrate's recommendations concerning appellant's child support obligation.

{¶ 3} Upon a review of the record, this court finds the trial court's decision to relinquish jurisdiction was inappropriate. Furthermore, the

other judgment entry from which appellant appeals does not constitute a final order, therefore, this court cannot address the arguments appellant presents in his fourth, fifth, sixth, and seventh assignments of error. This appeal is, therefore, reversed in part and dismissed in part, and the case is remanded for further proceedings.

{¶ 4} The record reflects appellant and appellee were married in Iran on January 5, 1996. Appellant, a physician, moved to the United States in March, 1998, to live with appellee and to begin training for his certification as a doctor in this country. The couple had a son born on July 12, 2000. Although appellee had been pursuing a career in dentistry, she remained at home to care for their child.

{¶ 5} On April 12, 2001, the couple entered into a separation agreement. The agreement designated appellee the residential parent of their son, and set appellant's child support obligation at $356.88 per month, "subject to further order of the Court." The agreement contained no provision regarding spousal support.

{¶ 6} On April 30, 2001, the parties signed an addendum to the separation agreement. Therein, appellant agreed to pay appellee $35,000 on the date of divorce. Appellant further agreed that, beginning on January 1, 2006, he would pay appellee $300,000 at a rate of $5,000 per month for sixty

months, with a 10% interest rate to accrue on any untimely payments. These payments were deemed to be "in complete satisfaction of any obligation owed pursuant to any prenuptial agreement, and are meant for spousal support and nondischargeable in bankruptcy."

{¶ 7} On May 19, 2001, the parties signed a second addendum that was "meant to replace" the first. Therein, appellant agreed to pay appellee $25,000 on the date of the divorce. Appellant further agreed that, beginning on January 1, 2007, he would pay appellee $300,000 at a rate of $5,000 per month for sixty months, with an 8% interest rate to accrue on any untimely payments. The sum was "modifiable if [appellant were] totally and permanently disabled subject to the continuing jurisdiction of the court." Once again, the payments were deemed to be "in complete satisfaction of any obligation owed pursuant to any prenuptial agreement, and are meant for spousal support and nondischargeable in bankruptcy."

{¶ 8} On May 30, 2001, the trial court entered judgment on the divorce decree and ordered the separation agreement into execution. At that time, both appellant and appellee indicated their annual salaries were an identical $30,600. Within a year, appellee moved out of state with their child. Nothing in the record suggests appellant had any opposition to appellee's action.

{¶ 9} In September 2005, the trial court received an administrative request for modification of appellant's child support obligation. On December 30, 2005, the trial court granted the modification due to a change in the parties' circumstances, because, by this time, appellant reported an annual salary of $190,000. Appellee had relocated to California and obtained a certification in the specialty of endodontics; she reported an annual salary of $134,657. On these facts, the trial court set appellant's monthly child support obligation at $1,587.12.

{¶ 10} In April 2006, appellant remarried. On December 5, 2006, appellant filed a motion "for relief from judgment." He averred in an attached affidavit that he would not be able to afford the spousal support obligation set forth in the divorce decree that was due to commence the following month. However, two weeks later, the trial court noted that the parties had "resolved their differences by agreement." On March 30, 2007, the trial court dismissed appellant's motion for relief from judgment.

{¶ 11} In June 2007, appellant filed motions to modify spousal and child support.[1] In his affidavits attached to the motions, he asserted without

[1] Every motion appellant filed was accompanied by a "motion for attorney fees." Since the trial court gave each part of appellant's filings separate motion numbers, the number of motions before the court rose exponentially; this opinion refers only to motions relevant to this decision.

further detail that there had been a "change in circumstances" that warranted an adjustment to his obligations.

{¶ 12} Shortly thereafter, appellee filed a motion seeking an order from the trial court for appellant to show cause why he had not yet paid any spousal support. The trial court took no action on any motions the parties filed.

{¶ 13} In March 2008, appellant filed five additional motions in the trial court, in which he sought to prevent any funds from being removed from his wages. The trial court responded by issuing an order that prevented deductions from appellant's salary for either spousal or child support until his motions could be determined. Appellee, too, filed several post-decree motions.

{¶ 14} The record reflects that on July 9, 2008, the pending matters proceeded to an "initial status call" before a magistrate. All pending motions were continued until a hearing could be scheduled. In the meantime, appellee filed a motion to dismiss appellant's request for a spousal support modification; appellee argued the trial court lacked jurisdiction to modify spousal support unless appellant were disabled.

{¶ 15} On January 8, 2009, matters pertaining to jurisdiction and to spousal support proceeded to a hearing before a magistrate. The hearing

took place over a number of days, and finally concluded on January 22, 2009.

{¶ 16} On February 19, 2009, the magistrate issued his decision. In pertinent part, the magistrate determined the trial court retained jurisdiction over spousal support modifications, found that no substantial change in circumstances occurred that had not been contemplated by the parties, and, thus, decided appellant was not entitled to any spousal support modification.

{¶ 17} The magistrate further calculated the parties' annual incomes as gleaned from the documents they presented into evidence. From these figures, he set what he deemed were the "appropriate" monthly child support amounts appellant owed for the years 2007, 2008, and 2009. The magistrate also determined appellant's total child support arrearage to be $4,695.88.

{¶ 18} Both parties filed preliminary objections to the magistrate's report. The trial court permitted the parties thereafter to supplement their objections. [2] Specifically, appellant argued in relevant part that the magistrate did not receive any evidence concerning matters dealing with child support, because those had been assigned to another magistrate for determination.

{¶ 19} Indeed, the record reflects another magistrate set a date for

---

[2] The trial court permitted several extensions of time for filing of supplemental objections; the record reflects appellee finally filed her full objections on November 16, 2009.

hearing on child support and visitation issues on May 13, 2009. The proceeding, however, was rescheduled several times. It was eventually set for a hearing in July 2010; this date occurred after the journal entries from which appellant filed this appeal.

{¶ 20} On May 12, 2010, appellee filed motions pursuant to R.C. 3127.21(A). Appellee argued that Ohio was no longer the appropriate forum state for the case since the child, now ten years old, had lived in California over six years. In her affidavit attached to her motions, appellee averred that the child had numerous family members and friends in the area, attended school in Palo Alto, required special tutoring for dyslexia, and his pediatrician and "pedodontist" were located near his home.

{¶ 21} Appellant filed a brief in opposition, protesting that the trial court lacked jurisdiction to consider appellee's motions. In the alternative, appellant argued that the trial court could conduct proceedings via the internet, thus obviating the need for transfer. He supplied no affidavit; instead, he requested a hearing on the matter.

{¶ 22} After appellee filed a reply brief, the trial court issued two judgment entries dated June 23, 2010; they will be referred to as the "first" and the "second."

{¶ 23} The first judgment entry that appears in the record granted

appellee's motions to declare Ohio an "inconvenient forum." The trial court stated in its opinion that, based upon the relevant factors, "California is a more appropriate forum." The court further stated that since appellee had filed a "Declaration 'Under the Uniform Child Custody Jurisdiction and Enforcement Act' in the Superior Court of California, County of Santa Clara," it was "unnecessary" to issue a stay "as to any pending motions." The trial court stated it did not have authority to "transfer" the case, but, "all remaining motions unresolved or pending" were ordered "dismissed" in thirty days.[3]

{¶ 24} The second judgment entry applied to the magistrate's decision. In relevant part, the trial court sustained appellant's objections to the magistrate's determination regarding child support. Based upon that ruling, the trial court listed fifteen of appellant's motions that were "*to be determined with [his] Motion to Modify Parental Rights and Responsibilities * * * as further ordered* by this Court." (Emphasis added.) Appellant's motion to modify spousal support, however, was denied.

{¶ 25} The court further decreed that "all motions *not specifically ruled on * * ** [were] subject to further order of Court pursuant to this Court's

---

[3] The journal entry does not indicate the matters were dismissed with prejudice. Civ.R. 41(A)(2).

Judgment Entry issued this date" that pertained to appellee's motions to declare Ohio an inconvenient forum. (Emphasis added.)

{¶ 26} Appellant filed a timely appeal from the foregoing orders. He presents the following seven assignments of error:

{¶ 27} "**I.   The trial court erred and abused its discretion by granting the Appellee's motion to declare Ohio an inconvenient forum.**

{¶ 28} "**II.   The trial court's decision is against the manifest weight of the evidence in the record.**

{¶ 29} "**III.   The trial court erred and abused its discretion by granting the Appellee's motion to declare Ohio an inconvenient forum without an evidentiary hearing.**

{¶ 30} "**IV.   The trial court erred and abused its discretion by denying the Appellant, Alireza Navadeh's[,] motion to modify spousal support, and by failing to modify and/or terminate the Appellant, Alireza Navadeh's[,] spousal support obligation.**

{¶ 31} "**V.   The trial court erred and abused its discretion in determining the parties' incomes.**

{¶ 32} "**VI.   The trial court erred and abused its discretion in its determination that the child support modification should be set**

aside, when the issue raised by Alireza was the fact that the magistrate denied other child support related motions, when such issues were to be heard with the underlying parenting motions.

{¶ 33} "VII.   The trial court's decision is against the manifest weight of the evidence."

{¶ 34} Appellant argues in his first, second, and third assignments of error that the trial court acted improperly when it determined Ohio no longer was a convenient forum for child custody issues and dismissed the case based upon only the evidence in the record and without conducting a hearing.   This court agrees.

{¶ 35} In deciding whether to exercise jurisdiction, the trial court is permitted some discretion; therefore, this court will reverse that decision only if the trial court abused its discretion.   *In the matter of D.H.*, Cuyahoga App. No. 89219, 2007-Ohio-4069; see, also, *Smith v. Schroder* (Dec. 12, 1997), Lucas App. No. L-97-1235.   "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."   *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.   The record reflects the trial court abused its discretion in this case because, in seeking to absolve itself from any further responsibility over the proceedings, it failed to comply with all of the

statutory requirements.

**{¶ 36}** The trial court considered R.C. 3127.21 in granting appellee's motion; that statute provides:

**{¶ 37}** "(A) A court of this state that has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction *at any time* if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more convenient forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion, or at the request of another court.

**{¶ 38}** "(B) Before determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court *shall allow the parties to submit information* and shall consider all relevant factors, including the following:

**{¶ 39}** "(1) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

**{¶ 40}** "(2) The length of time the child has resided outside this state;

**{¶ 41}** "(3) The distance between the court in this state and the court in the state that would assume jurisdiction;

{¶ 42} "(4) The relative financial circumstances of the parties;

{¶ 43} "(5) Any agreement of the parties as to which state should assume jurisdiction;

{¶ 44} "(6) The nature and location of the evidence required to resolve the pending litigation, including the testimony of the child;

{¶ 45} "(7) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;

{¶ 46} "(8) The familiarity of the court of each state with the facts and issues in the pending litigation.

{¶ 47} "(C) If a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it *shall stay the proceedings upon condition that a child custody proceeding be promptly commenced* in another designated state and may impose any other condition the court considers just and proper.

{¶ 48} "(D) A court of this state may decline to exercise its jurisdiction under this chapter if a child custody determination is incidental to an action for divorce or another proceeding while *still retaining jurisdiction over the divorce or other proceeding*." (Emphasis added.)

{¶ 49} The record reflects that although the trial court considered the factors set forth in subsection (B), it did not fully meet the requirements set

forth in the other subsections. First, appellant asked for a hearing on the matter, but the trial court declined to provide one.

{¶ 50} In cases in which this court has held the trial court committed no error in failing to hold a hearing, it has done so only when the party opposing the motion has not *requested* one. *Critzer v. Critzer*, Cuyahoga App. No. 90679, 2008-Ohio-5126, ¶30; see, also, *Harris v. Harris*, Trumbull App. Nos. 2004-T-057 and 2004-T-0107, 2005-Ohio-6077, ¶12; *Bowen v. Britton* (1993), 84 Ohio App.3d 473, 616 N.E.2d 1217; cf., *Esaw v. Esaw*, Belmont App. No. 02 BA 6, 2003-Ohio-3485, ¶19; *Smith v. Schroeder*. Appellant herein formally sought an evidentiary hearing.

{¶ 51} The trial court, however, neither clearly stated its intent to determine the matter on the parties' briefs, nor clearly ordered appellant to attach evidentiary materials to his opposition briefs. Under these circumstances, the trial court abused its discretion.

{¶ 52} Second, in contravention of subsection (C), the trial court did not order the proceedings stayed; instead, the court decided a stay was "unnecessary." However, R.C. 3127.16 states:

{¶ 53} "Except as otherwise provided * * * , a court of this state that has made a child custody determination * * * has exclusive, continuing jurisdiction over the determination *until * * * a court of another state*

*determines* that the child, the child's parents, and any person acting as a parent do not presently reside in this state."   (Emphasis added.)

{¶ 54} Nothing in the record in this case reflects the California court made a "determination" that it had jurisdiction over the parties' son. Therefore, the trial court acted improperly in, rather than issuing a stay, simply relinquishing jurisdiction before a California court made a decision on the matter.

{¶ 55} Third, in contravention of subsection (D), the trial court's judgment entry indicates it failed to understand that it retained jurisdiction over the pending post-decree divorce matters.   Rather, the trial court ignored its other ruling on appellant's objections to the magistrate's decision, and simply decided all outstanding motions summarily would be "dismissed" in thirty days.

{¶ 56} For the foregoing reasons, appellant's first, second, and third assignments of error are sustained.

{¶ 57} The trial court's decision in the first judgment entry, along with the language the court used in the second judgment entry, leads this court to conclude it lacks jurisdiction to consider appellant's fourth, fifth, sixth, and seventh assignments of error.

{¶ 58} This court may review only final appealable orders.   R.C.

2505.02; *Cassim v. Cassim* (1994), 98 Ohio App.3d 576, 649 N.E.2d 28. As relevant herein, R.C. 2505.02 defines a final order as "an order that affects a substantial right made in a special proceeding * * *." Divorce proceedings or actions related thereto, having been unknown at common law, are special statutory proceedings. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379, 1994-Ohio-86, 632 N.E.2d 889. An order affects a substantial right if a party is foreclosed from appropriate relief in the future if an appeal were not immediately allowed. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, modified on other grounds by *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 1994-Ohio-324, 635 N.E.2d 331, paragraph four of the syllabus.

{¶ 59} A final order is one that disposes of either the whole case or some separate and distinct branch thereof. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381. Thus, a determination that Ohio is no longer a convenient forum for purposes of child custody is considered a final order. *Critzer.*

{¶ 60} On the other hand, in its second judgment entry, the trial court simply sustained in part appellant's objections to the magistrate's report. There was no independent judgment, no express adoption of any of the magistrate's findings, and no clear pronouncement of the judgment as

required by Civ.R. 53(D)(4)(e). *Pace v. Pace* (Oct. 8, 1996), Gallia App. No. 95 CA 17.

**{¶ 61}** The trial court's second judgment entry listed a total of sixteen motions pertaining to spousal and child support issues that remained "to be determined * * * as further ordered by this Court." Only the motions "not specifically ruled on" in that order were "subject to * * * this Court's Judgment Entry issued this date pertaining to [Appellee's] Motions [to declare Ohio an inconvenient forum and to transfer]."

**{¶ 62}** The record in this case, therefore, reflects that sixteen motions filed by the parties remain for the trial court to decide. *B. W. v. D. B.-B.*, Lucas App. Nos. L-10-1017, L-10-1045, L-10-1055, 2010-Ohio-1470; *Overmyer v. Halm*, Sandusky App. No. S-08-021, 2009-Ohio-387. The trial court's decision cannot be said to have resolved all pending issues. *Elliott v. Rhodes*, Pickaway App. No. 10CA26, 2011-Ohio-339. Since interlocutory orders are subject to modification, the trial court may reconsider them at any time. *Varney v. Varney* (Oct. 23, 1997), Cuyahoga App. Nos. 70709 and 70710.

**{¶ 63}** Consequently, this court lacks jurisdiction to address appellant's remaining assignments of error.

**{¶ 64}** Based upon the disposition of appellant's first, second, and third assignments of error, the trial court's first judgment entry is reversed, and

this case is remanded for further proceedings with the following instructions.

**{¶ 65}** The trial court must conduct a hearing to determine whether the California court is a more appropriate forum to resolve issues pertaining to the child's custody. If so, the trial court must stay the matter until the trial court determines a California court has accepted jurisdiction over the child custody matters.

**{¶ 66}** The portion of this appeal that is from the second judgment entry is dismissed. That order is interlocutory. The trial court retains jurisdiction to determine issues relating to spousal and child support, and those matters remain unresolved.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and

SEAN C. GALLAGHER, J., CONCUR