[Cite as *Javidan-Nejad v. Navadeh*, 2012-Ohio-3950.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 97661

## SALVIA JAVIDAN-NEJAD

PLAINTIFF-APPELLEE

vs.

## ALIREZA NAVADEH

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. D-279478

**BEFORE:** Boyle, J., Blackmon, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEY FOR APPELLANT**

Gregory J. Moore
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio    44114


**ATTORNEYS FOR APPELLEE**

James S. Cahn
James L. Lane
John D. Ramsey
Hermann, Cahn & Schneider
The Galleria at Erieview
1301 East Ninth Street, Suite 500
Cleveland, Ohio    44114

Joyce E. Barrett
800 Standard Building
1370 Ontario Street
Cleveland, Ohio    44113

Paul A. Bayer
27600 Chagrin Boulevard
Suite 460
Cleveland, Ohio    44122

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Alireza Navadeh, appeals the trial court's judgment denying his motion to modify spousal support. He raises four assignments of error for our review:

"[1.] The trial court erred and abused its discretion by denying the appellant['s] motion to modify spousal support; and by failing to modify and/or terminate the appellant['s] spousal support obligation.

"[2.] The trial court erred and abused its discretion in failing to comply with Ohio law in its review and adoption of the magistrate's decision.

"[3.] The trial court erred and abused its discretion in determining the parties' incomes.

"[4.] The trial court's decision is against the manifest weight of the evidence."

{¶2} Finding no merit to his appeal, we affirm.

Procedural History and Factual Background

{¶3} Navadeh previously appealed the same judgment that he is now appealing. *See Javidan-Nejad v. Navadeh*, 8th Dist. No. 95406, 2011-Ohio-2283. In that appeal, this court concluded that the trial court erred by not holding a hearing before determining that Ohio was an inconvenient forum for custody matters and by not following the proper procedure set forth in R.C. 3127.21 (statute governing inconvenient forum determination in domestic relations matters). *Id.* at ¶ 50-55. Further, we determined that the trial

court's judgment regarding child support and spousal support issues was not a final appealable order. *Id.* at ¶ 63. In the present appeal, Navadeh challenges only the trial court's judgment regarding spousal support.[1] We glean the following background facts and procedural history from the first appeal.

{¶4} Navadeh and plaintiff-appellee, Salvia Javidan-Nejad ("Nejad"), were married in Iran on January 5, 1996. Navadeh, a physician, moved to the United States in March 1998, to live with Nejad and to begin training for his certification as a doctor in this country. The couple had a son born on July 12, 2000. Although Nejad had been pursuing a career in dentistry, she remained at home to care for their child.

{¶5} On April 12, 2001, the couple entered into a separation agreement. The agreement designated Nejad the residential parent of their son, and set Navadeh's child support obligation at $356.88 per month, "subject to further order of the Court." The agreement contained no provision regarding spousal support.

{¶6} On April 30, 2001, the parties signed an addendum to the separation agreement. Therein, Navadeh agreed to pay Nejad $35,000 on the date of divorce. Navadeh further agreed that, beginning on January 1, 2006, he would pay Nejad $5,000 per month for 60 months, for a total of $300,000, with a 10 percent interest rate to accrue on any untimely payments. These payments were deemed to be "in complete

---

[1]Nejad appealed a separate judgment from the trial court denying her motion to declare Ohio an inconvenient forum. *See Javid-Nejad v. Navadeh*, 8th Dist. No. 97956.

satisfaction of any obligation owed pursuant to any prenuptial agreement, and are meant for spousal support and nondischargeable in bankruptcy."

{¶7} On May 19, 2001, the parties signed a second addendum that was "meant to replace" the first. Therein, Navadeh agreed to pay Nejad $25,000 on the date of the divorce. Navadeh further agreed that, beginning on January 1, 2007, he would pay Nejad $5,000 per month for 60 months, for a total of $300,000, with an 8 percent interest rate to accrue on any untimely payments. The sum was "modifiable if [Navadeh were] totally and permanently disabled subject to the continuing jurisdiction of the court." Once again, the payments were deemed to be "in complete satisfaction of any obligation owed pursuant to any prenuptial agreement, and are meant for spousal support and nondischargeable in bankruptcy."

{¶8} On May 30, 2001, the trial court entered judgment on the divorce decree and ordered the separation agreement into execution. At that time, both Navadeh and Nejad indicated that each of their annual salaries was $30,600. Within a year, Nejad moved out of state with their child. Nothing in the record suggests that Navadeh had any opposition to Nejad taking their child out of state.

{¶9} In September 2005, the trial court received an administrative request for modification of Navadeh's child support obligation. On December 30, 2005, the trial court granted the modification due to a change in the parties' circumstances. By this time, Navadeh reported an annual salary of $190,000. Nejad had relocated to

California, became an endodontist, and earned an annual salary of $134,657. Thus, the trial court set Navadeh's monthly child support obligation at $1,587.12.

{¶10} In April 2006, Navadeh remarried. On December 5, 2006, Navadeh filed a motion "for relief from judgment." He averred in an attached affidavit that he would not be able to afford the spousal support obligation set forth in the divorce decree that was due to commence the following month. However, two weeks later, the trial court noted that the parties had "resolved their differences by agreement." On March 30, 2007, the trial court dismissed Navadeh's motion for relief from judgment.

{¶11} In June 2007, Navadeh filed motions to modify spousal and child support. He asserted without further detail that there had been a "change in circumstances" that warranted an adjustment to his obligations.

{¶12} Shortly thereafter, Nejad filed a motion seeking an order from the trial court for Navadeh to show cause why he had not yet paid any spousal support. The trial court took no action on any motions the parties filed.

{¶13} In March 2008, Navadeh filed five additional motions in the trial court, in which he sought to prevent any funds from being removed from his wages. The trial court responded by issuing an order that prevented deductions from Navadeh's salary for either spousal or child support until his motions could be determined. Nejad, too, filed several post-decree motions.

{¶14} The magistrate heard matters in January 2009, over a number of days, and finally concluded on January 22, 2009. On February 19, 2009, the magistrate issued his

decision. In pertinent part, the magistrate determined the trial court retained jurisdiction over spousal support modifications, found that no substantial change in circumstances occurred that had not been contemplated by the parties, and, thus, decided Navadeh was not entitled to any spousal support modification. The magistrate further calculated the parties' annual incomes for child support purposes as gleaned from the documents they presented into evidence. From these figures, he set what he deemed were the "appropriate" monthly child support amounts appellant owed for the years 2007, 2008, and 2009. The magistrate also determined Navadeh's total child support arrearage to be $4,695.88.

{¶15} Both parties filed objections to the magistrate's report. On June 23, 2010, the trial court overruled the parties' objections to the magistrate's decision. But as this court determined in the first appeal, the trial court's judgment was not a final appealable order because the trial court "simply sustained in part appellant's objections to the magistrate's report[,] [t]here was no independent judgment, no express adoption of any of the magistrate's findings, and no clear pronouncement of the judgment as required by Civ.R. 53(D)(4)(e)." *Nejad*, 8th Dist. No. 95406, 2011-Ohio-2283, at ¶ 60.

{¶16} Upon remand, the trial court expressly adopted the magistrate's decision and ordered it into law. It is from this judgment that Navadeh appeals. We will address Navadeh's assignments of error together as they are related.

<u>Standard of Review</u>

**{¶17}** In matters relating to spousal support, the "trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case." *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990). A reviewing court, therefore, "cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion." *Id.* at 67. Further, this court will not reverse a decision of the domestic relations court if there is competent, credible evidence in the record supporting the court's decision. *Abernethy v. Abernethy*, 8th Dist. No. 92708, 2010-Ohio-435, ¶ 39, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

Threshold Requirements to Modify Spousal Support

**{¶18}** R.C. 3105.18(E) provides in pertinent part that a court "does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed." "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." R.C. 3105.18(F).

**{¶19}** In *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, the Ohio Supreme Court held that the statutory requirements of R.C. 3105.18(E) did not abrogate the common law requirements necessary to modify an award of spousal support. *Id.* at ¶ 27-31. Thus, before a court can modify a prior award of support, the court must find "(1) that a substantial change in circumstances has

occurred and (2) that the change was not contemplated at the time of the original decree." *Id.* at paragraph two of the syllabus. The movant bears the burden of proving that the parties did not contemplate the substantial change in circumstances at the time of the divorce. *Burkart v. Burkart*, 191 Ohio App.3d 169, 2010-Ohio-5363, 945 N.E.2d 557, ¶ 22 (10th Dist.). Further, "the change in circumstances must not have been purposely brought about the party seeking modification. *Hines v. Hines*, 3d Dist. No. 9-10-15, 2010-Ohio-4807, ¶ 16, citing *Roach v. Roach*, 61 Ohio App.3d 315, 319, 572 N.E.2d 772 (8th Dist.1989).

**{¶20}** To "contemplate" means more than "think about"; rather, a party had to "intend" that an event happened for it to preclude a modification of spousal support. *Kaput v. Kaput*, 8th Dist. No. 94340, 2011-Ohio-10, ¶ 22. Courts have misconstrued that standard by applying a test of foreseeability: was the particular circumstance one reasonably to be anticipated? The better test is one grounded in the record, and contemplates a finding that the circumstance is not one that "was thoroughly considered at the time of the divorce." *Palmieri v. Palmieri*, 10th Dist. No. 04AP-1305, 2005-Ohio-4064, ¶ 19. On that basis, a court may reasonably find that a change has occurred in the circumstances existing at the time of the prior order establishing a spousal support obligation.

Analysis

**{¶21}** Navadeh maintains that the trial court erred in denying his motion to modify or terminate spousal support because "there has been numerous and substantial

changes in circumstances since the trial court's prior orders; and spousal support to [Nejad] is not reasonable nor necessary." Navadeh sets forth several circumstances that he claims "have substantially changed" for him which would justify a "modification/termination of his spousal support obligation." These changes include the fact that he married his new wife on April 12, 2007, his new wife gave birth to their son on August 12, 2008, he has three separate mortgage payments for three separate homes that he owns, he is responsible for taking care of his parents who live with him, and he has incurred substantial credit card debt as a result of trying to meet his monthly living expenses. We conclude that these changes were brought about as a result of Navadeh's own choices. He chose to marry his new wife, have a baby with her, and take care of his parents. Moreover, he voluntarily incurred three mortgages. Incredibly, he purchased his third home in October 2008 — over one year *after* he filed his motion to modify his spousal support. He asserts that he purchased his third home because of the birth of his son in August 2008. But Navadeh moved to modify his spousal support obligation even before his son with his new wife was conceived.

{¶22} Navadeh further claims that he is entitled to a modification of spousal support because he had an involuntary decrease in his income. He contends that an involuntary decrease exists because as of December 2008, he could no longer obtain overtime from the Cleveland Clinic. There are several things wrong with this argument. First, Navadeh testified that his monthly expenses exceeded $14,000 per month. His child and spousal support obligations are less than half of that amount.

Navadeh explained that he "had to beg" his employer to allow him to work overtime to meet these expenses. But again, over half of these expenses, not including his child and spousal support obligations, were brought on by Navadeh — choices he made. If Navadeh was forced to work overtime to pay expenses, it was because of expenses that he voluntarily incurred. Thus, the fact that overtime was no longer available to Navadeh does not meet the criteria of "involuntary decrease" in wages for purposes of modifying spousal support in this case. He was still fully employed as an anesthesiologist at the Cleveland Clinic.

{¶23} Navedeh further argues that the magistrate erred by not considering Nejad's substantial increase in wages. The magistrate found that when signing the second addendum to their separation agreement, the parties "clearly contemplated future earnings." The magistrate found that this was evidenced by "the fact that both Plaintiff and Defendant were completing various phases of their pre-career preparation in the dental and medical professions, respectively at the time the Decree was executed." The magistrate noted that each party had earned $30,600 at the time of the divorce and both had substantial increases in income since then. But the magistrate found these "substantial increases were contemplated at the time of the award. That is why the award of spousal support was not to commence until several years after the Decree was entered." We agree.

{¶24} After reviewing the record, we find that the trial court did not abuse its discretion in adopting the magistrate's decision and ordering it into law. We further

conclude that the trial court's judgment adopting the magistrate's decision is not against the manifest weight of the evidence because there exists competent, credible evidence in the record to support its finding that Navedah did not meet the threshold requirements necessary to modify his spousal support obligation.

{¶25} Navadeh's four assignments of error are overruled.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
LARRY A. JONES, SR., J., CONCUR